Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

60 So.2d 380

**COLEMAN v. McDOWELL, Sheriff.**

6 Div. 597.

Court of Appeals of Alabama.

Aug. 26, 1952.

HARWOOD, Judge.

In the habeas corpus proceedings below seeking bail Honorable F. R. Mathews, one of the judges of the Tenth Judicial Circuit (Bessemer Division), denied appellant's petition, and this appeal is from that order.

The appellant is held in jail under an indictment charging rape.

The girl alleged in the indictment to have been raped is thirteen years of age.

The case was submitted in the trial below upon a transcript of the evidence taken at a previous trial upon this indictment, which had resulted in a mistrial.

The evidence presented by the State, in this previous trial, tends to show that this appellant forced the prosecutrix, a sister aged 10, a brother aged 14, and another brother aged 8 into his Ford coupe automobile. This occurred in the city limits of Bessemer at around 3:15 o'clock in the afternoon.

Appellant then drove to a wooded area out from Bessemer where three of the above children testified (the youngest did not testify) that he forced all four to perform unnatural and degenerate sex acts with him. Thereafter they testified he forced the thirteen year old girl to have intercourse with him.

This act lasted for some twenty or twenty-five minutes, and took place on the seat of the automobile.

Upon completion of the act the girl's private parts and surrounding area were in an extremely bloody condition.

Thereafter, according to these witnesses appellant again forced each of them to again engage in an abnormal act upon him.

After this appellant left the children at the scene, and they walked back to their home.

During the stay at this place none of the children were permitted to leave the coupe automobile at any time, except the girl aged ten. She was permitted to walk behind the car to answer a call of nature. During this time she observed the license number on the automobile and remembered it. Through this means the appellant was picked up by the police at his home around 9 o'clock that night. Thereafter he was identified by the children as being the one who committed the crimes on them.

There are some conflicts in the testimony of the State's witnesses as to the place where they were forced into the automobile. Further, one testified that when first seen appellant was lying under the automobile with his head out on one side and his feet on the other; the oldest boy testified that appellant had a pistol stuck in his trousers waist. This was not observed by any of the others.

Two of the witnesses testified that the door to the dash compartment was missing and that they could see the batteries through holes in the floorboard.

The car was taken into possession by the police around 9 o'clock P.M. on the day of this alleged offense. They did not observe the above defects, and photographs of the car introduced into evidence, taken shortly thereafter show that the door to the glove compartment is not missing, nor are there defects in the floorboard mat. It was further shown that in this automobile the batteries were placed under the hood.

The appellant's shirt, trousers, and leather jacket worn by him on the day in question were taken from him and were received in evidence and are before us on this appeal. No blood or other stains are visible on this clothing. Further, there is no testimony by police officers indicating that any stains were found on the seat of the automobile. On the other hand, there is some evidence by the defense that no such stains were present.

The above constitutes only a thumbnail sketch of the State's evidence, with only enough set forth to shed light on and indicate the conclusions we have reached after a careful study of this entire record.

We see no need of detailing this defense evidence, for it is our view that solely under the State's evidence, because of the conflicts therein, and in view of the former mistrial, there is little or no probability that a jury would impose the death penalty in this case. This being so this appellant is due to be allowed bail. The doctrines governing and compelling this conclusion are set forth in the recent case of Colvin v. State, ante, p. 104, 53 So.2d 99.

Therefore the judgment and decree denying appellant bail is reversed, and it is hereby ordered that the appellant be released upon his furnishing bail in the amount of $3,000 to be approved by the Circuit Judge below, or by the Sheriff of Jefferson County, in compliance with Section 194, Title 15, Code of Alabama 1940.

Reversed and remanded with instructions.